**SO ORDERED.**

**SIGNED this 3rd day of August, 2017.**



_____
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DYNAMIC INTERNATIONAL ) | Case No. 17-10814 |
| AIRWAYS, LLC ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

**INTERIM ORDER (1) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING, (2) GRANTING ADMINISTRATIVE EXPENSE, AND (3) SETTING AND PRESCRIBING THE FORM AND MANNER OF NOTICE FOR A FURTHER HEARING**

The Court has considered and acted upon the certain Debtor's *Emergency Motion Seeking Interim and Final Orders: (1) Authorizing Debtor to Obtain Post-Petition Financing, (2) Granting Liens and Superpriority Administrative Expense, and (3) Setting and Prescribing the Form and Manner of Notice for a Final Hearing* [ECF No. 16] (the "Motion")[1] filed on July 19, 2017 by Dynamic International Airways, LLC ("Debtor") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case"). In the Motion, Debtor requested authorization to obtain financing from the Lender, to grant Lender superpriority administrative status pursuant to Section 364(c)(1) of the Bankruptcy Code,

to grant Lender a first-priority, senior lien and security interest in property of the Estate not otherwise subject to a lien pursuant to Section 364(c)(2), and to grant Lender a junior lien in property of the Estate that is subject to a lien pursuant to Section 364(c)(3).

Upon the interim hearing ("Interim Hearing") held before this Court on July 24, 2017, due and sufficient notice of the Motion and the Interim Hearing having been provided by Debtor; and after considering all the pleadings filed with this Court, and upon the record made by Debtor at the Hearing; and the Court having found and determined that, subject to the terms of this Interim Order, limited relief sought in the Motion is in the best interests of Debtor, its estate, creditors, and all parties in interest; and after due deliberation and consideration and good and sufficient cause appearing therefor,

THE COURT FINDS AND CONCLUDES:

A.  Bankruptcy Chapter 11 Case. On the Petition Date, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor continues to operate its business and manage its properties, affairs and assets as a debtor-in-possession.

B.  Jurisdiction and Venue. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  Notice. Notice of the Motion, the relief requested therein and the Interim Hearing was served by the Debtor on (i) the Bankruptcy Administrator for the Middle

---

[1]  All of the capitalized terms used in this Interim Order will have the meanings ascribed to them in the Motion or the DIP Loan Agreement (as defined in the Motion), unless otherwise

District of North Carolina; (ii) the holders of the twenty (20) largest unsecured claims against Debtor; (iii) all applicable government agencies; (iv) all applicable taxing authorities; and (v) any entity which filed and served on Debtor a request for special notice within a reasonable time prior to the hearing of this Motion.  Under the circumstances, the proper, timely, adequate, and sufficient notice given by the Debtor of the Motion, the relief requested therein and the Interim Hearing was reasonable and appropriate under, and complies with, the requirements of due process, Bankruptcy Rule 4001(b), and the rules of this Court such that no other or further notice of the foregoing or of the entry of this Order is required, except as provided herein.

    D.  <u>The DIP Credit Facility</u>.  Debtor and Lender engaged in negotiations with respect to the terms and conditions of the DIP Credit Facility.  Except as specifically provided in this Order, the Court defers to the Further Hearing as provided for below to determine whether the terms set forth in the DIP Loan Agreement, among Lender and the Debtor, are fair, reasonable, and in the best interests of Debtor, its estate, and creditors. Notwithstanding, an interim loan of $800,000 with interest at the rate of 6% as an administrative expense (the "Interim Loan") is fair, reasonable, and in the best interest of Debtor and its estate for the period from the Petition Date through the date of the Final Hearing (the "Interim Period").

    E.  <u>The Approved Budget</u>.  Attached hereto as **Exhibit "1"** is an approved budget (the "Budget") for the Interim Period. Debtor and Lender have agreed upon the Budget and the expenses and funding shown on the Budget through the Further Hearing. The Budget includes and contains Debtor's best estimate of all operational receipts and allows for operational disbursements, fees, costs and other expenses that will be payable, indicated.

incurred and/or accrued by Debtor during the Interim Period to be timely paid in the ordinary course of business pursuant to and in accordance with the Budget unless such operational disbursements, fees, costs and other expenses are not incurred or otherwise payable.

F. The Debtor's Needs for the DIP Credit Facility.

For purposes of this Interim Order, only, the Court makes the following findings on the Debtor's need for interim funding. Nothing contained in this Order shall bind the Court or any party-in-interest with respect to any matters brought before the Court at a later time, including but not limited to, the Motion to Convert and the Further Hearing on this Motion:

>(a) Debtor does not have sufficient available sources of working capital and financing to carry on the management of its assets and liabilities, in the form that the Debtor operated pre-petition, without the Interim Loan for the Interim Period.

>(b) Good cause has been shown for the entry of this Order and for the immediate effectiveness of the oral ruling at the Hearing granting the Motion to the extent provided herein. Specifically, entry of this Order allows the Debtor to continue operating as it did pre-petition, pending the Further Hearing on this Motion for the limited time called for in the Interim Period and pending the Court's ruling on the Further Hearing on this Motion. Debtor and its estate would suffer immediate and irreparable harm unless the Court authorizes the Debtor to obtain emergency funding

from Lender up to $800,000, pursuant to the Budget, prior to the Further Hearing on the Motion to fund critical operating expenses of the Debtor;

(c) Lender has indicated a willingness to provide Debtor with post-petition secured financing but solely on the terms and conditions set forth in this Interim Order. No parties were willing to provide financing in the form of unsecured credit allowable under Section 364(a) of the Bankruptcy Code.

(d) The terms and conditions of the Interim Loan are fair and reasonable, reflect Debtor's exercise of prudent business judgment consistent with its fiduciary duty and are supported by reasonably equivalent value and fair consideration. The Interim Loan provided by this Order permits the Debtor to secure the post-petition financing required for its operating expenses under the best terms available for the Interim Period.

(e) Good cause has been shown and this Court concludes that the entry and implementation of this Order will, among other things, sustain the operation and value of the Debtor's bankruptcy estate.

**Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that:**

1. <u>Motion Granted in Part</u>. The Motion is hereby granted in part to allow for the Interim Loan for the Interim Period effective and enforceable with the entry of the oral ruling and order at the Hearing. Approval of the terms of the DIP Loan Agreement, except as to any terms applicable to the Interim Loan as set forth herein, is deferred to the Further Hearing. The DIP Loan Agreement is of no force or effect.

2. <u>Notice</u>. Notice of the Motion, and the transactions contemplated thereby, has been provided to all parties entitled thereto and such notice was appropriate under the circumstances, and no other or further notice of the Motion, and the transactions contemplated thereby, is or shall be required, except as otherwise provided by this Order.

3. <u>DIP Credit Facility</u>. Debtor is authorized pursuant to this Interim Order to borrow and spend in accordance with the Budget, $800,000 through the Further Hearing on the Motion as reflected in the Budget.

4. <u>Funding of Interim Loan</u>. The Lender is authorized and directed to fund the entire Interim Loan immediately, and in no event more than 48 hours after the entry of this Order.

5. <u>Approval and Binding Effect</u>. With respect to the amounts advanced under the Budget such amounts are deemed to be reasonable and necessary and the administrative claim granted under this Order to secure such funds advanced by Lender in accordance with the Budget and this Order is final in all respects.

6. <u>Authorization of Financing</u>. Subject to the terms and conditions of this Order, the Debtor is authorized and/or ratified to perform all obligations under this Order and the Budget. Funds advanced under this Order shall be used for payment of the operating expenses of the Debtor, in such amounts set forth at applicable line items. Lender shall not have any obligation or responsibility to monitor Debtor's use of proceeds of the Interim Loan and may, but is not required to, rely on the Debtor's representations that the amount of any advances requested by Debtor, and the use thereof, are in accordance with the requirements of this Order.

7. <u>Interim Nature</u>.  If a Final Order is not entered for any reason, this Order will remain in full force and effect and, or the rights of the Lender under this Order, and all such rights and remedies of the Lender this Order shall remain in full force and effect and (i) the administrative claim granted to and conferred upon Lender shall continue in full force and effect and shall maintain the priority as provided in this Order until the Interim Loan shall have been paid and satisfied in full and shall remain binding on Debtor, its estate, any Chapter 7 or 11 Trustee appointed in the Chapter 11 Case, and all interested parties; and (ii) this Court shall retain jurisdiction, notwithstanding the failure to approve the final order, for the purpose of enforcing this Order and the administrative claim referred to herein.

8. <u>Evidence of Liability.</u>  This Order shall be sufficient and conclusive evidence of the liability of Debtor respecting advances made in accordance with this Order and shall be sufficient and conclusive evidence of the validity and enforceability of the Interim Loan without any further action of Debtor or any other party.

9. <u>Compliance with Approved Budget</u>.  Debtor is strictly prohibited from using funds advanced except in accordance with this Order and the Budget.  Debtor shall be permitted to use the funds advanced under the Interim Loan solely to pay the expenses and costs set forth in the Budget, in an amount not to exceed those amounts set forth in the Budget.

10. <u>Binding Effect</u>.  The provisions of this Order shall be binding upon and inure to the benefit of Debtor, any official committee or estate representative appointed in the Chapter 11 Case, and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereafter appointed or elected for the estate of Debtor, an examiner

appointed pursuant to section 1104 of the Bankruptcy Code or any other fiduciary appointed as a legal representative of Debtor or with respect to the property of the estate of any of Debtor.  To the extent permitted by applicable law, this Order, and the Court's conclusion that the Interim Loan is allowed as an administrative expense, shall bind any trustee hereafter appointed for the estate of Debtor, whether in the Chapter 11 Case or in the event of the conversion of the Chapter 11 Case to a liquidation under chapter 7 of the Bankruptcy Code.  Such binding effect is an integral part of this Order.

11. <u>Preservation of Rights</u>.  If the Chapter 11 Case is dismissed or converted, then neither the entry of this Order nor the dismissal or conversion of the Chapter 11 Case shall affect the rights of the Lender under this Order, and all such rights and remedies of the above-referenced parties shall remain in full force and effect as if the Chapter 11 Case had not been dismissed or converted.  If an order dismissing the Chapter 11 Case is at any time entered, such order shall provide (in accordance with Sections 105 and 349 of the Bankruptcy Code) that the Interim Loan shall continue in full force as an administrative loan binding on Debtor, the estate of Debtor, any Chapter 7 or 11 Trustee appointed in the Chapter 11 Case, and all interested parties; and (ii) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purpose of enforcing this Order and the administrative claim referred to herein.

12. <u>Immediate Effect; Protection of Order</u>. The provisions of this Order shall be effective immediately.

13. <u>Further Hearing</u>.  The Court shall hold a further hearing on the Motion on August 15, 2017, at 2:00 p.m. at the United States Bankruptcy Court for the Middle District of North Carolina, Courtroom 2, Second Floor, 101 S. Edgeworth St.,

Greensboro, NC 2740.

      14.    <u>Further Notice</u>.  The Debtor shall serve copies of this Order on the Bankruptcy Administrator, the twenty (20) largest unsecured creditors, and all parties that have filed a notice of appearance in this case.

END OF DOCUMENT

| DIA Cash Sheet | w/e 7/22/17 | w/e 7/29/17 | w/e 8/5/17 | w/e 8/12/17 | w/e 8/19/17 |
|---|---|---|---|---|---|
| **Operating Revenue** | | | | | |
| Ticket Sales | 930,000 | 930,000 | 930,000 | 930,000 | 955,000 |
| Charter Sales | 398,879 | 598,878 | 398,878 | 204,878 | 25,349 |
| Ancillary Sales | 64,000 | 64,000 | 64,000 | 64,000 | 64,000 |
| **Total Collections** | **1,392,879** | **1,592,878** | **1,392,878** | **1,198,878** | **1,044,349** |
| | | | | | |
| **Expenses** | | | | | |
| Fuel-America's | 250,148 | 250,148 | 250,148 | 250,148 | 250,148 |
| Fuel-Asia | 300,183 | 336,608 | 334,664 | 290,879 | 334,664 |
| Payroll | 425,000 | | 360,000 | | 425,000 |
| Benefits | 92,000 | | | | 46,000 |
| Contractors | 75,000 | 25,000 | 75,000 | 15,000 | 63,000 |
| Terminal One-JFK | 85,000 | 125,000 | | 125,000 | |
| Station Expenes-Other | 14,500 | 14,500 | 14,500 | 14,500 | 14,500 |
| Maintance JFK | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 |
| Airport Fees-JFK | 22,200 | 22,200 | 22,200 | 22,200 | 22,200 |
| Airport Fees-GYE | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 |
| GYE Passenger taxes | 29000 | 29000 | 29000 | 29000 | 29000 |
| Ground Handling-JFK | 12,000 | 12,000 | 12,000 | 12,000 | 12,000 |
| Catering-JFK & Asia | 48,000 | 48,000 | 48,000 | 48,000 | 48,000 |
| Security-JFK | 9,500 | 9,500 | 9,500 | 9,500 | 9,500 |
| Ground Handling Asia | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 |
| Maintenance (excludes C Checks) | 42,500 | 42,500 | 42,500 | 42,500 | 42,500 |
| Maintenance C Checks | 45,000 | | | | |
| Aircraft Lease-America's | | | | | |
| Aircraft Lease-Asia | | | | | |
| Hotel & Travel | 70,050 | 78,303 | 75,836 | 75,836 | 75,836 |
| Expenses paid direct from Asia (potential prior liability, Asian obligation needs further clarification) | 160,000 | - | - | - | - |
| Ground Handling Asia | | | | | |
| Training | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Insurance | 54,000 | 54,000 | 54,000 | 54,000 | 54,000 |
| Sales & Marketing | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 |
| Dues & Subscriptions | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 |
| Proffessional Fees | 25,000 | 10,000 | 10,000 | 10,000 | 10,000 |
| Admin (includes IT) | 12,000 | 12,000 | 17,000 | 12,000 | 12,000 |
| Reservation Systems | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 |
| Rent | | | 14,000 | | |
| Utilities/Phones | | 24,000 | | | |
| Taxes/Fees | 167,400 | 167,400 | 167,400 | 167,400 | 171,900 |
| **Subtotal Current Expenses** | **2,008,681** | **1,330,359** | **1,605,948** | **1,248,163** | **1,690,448** |
| | | | | | |
| | | | | | |
| **Collections in Excess of (Less than) Operating Disbursements** | **(615,802)** | **262,519** | **(213,070)** | **(49,285)** | **(646,099)** |
| | | | | | The Interim Budget extends through August 15, 2017. As a result, the amount of interim funds needed pursuant to the proposed budget for the two day period following the week ending 8/12/2017 through the Final Hearing on August 15, 2017 is estimated to be $184,599.71. |
| Administrative Expenses | | | | | |
| | | | | | |
| Total Administrative Expenses | - | - | - | - | - |
| | | | | | |
| **Net Funding Required** | **(615,802)** | **262,519** | **(213,070)** | **(49,285)** | **(184,600)** |
| | | | | | |
| | (353,283) | (566,353) | (615,638) | (800,237) | |