## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DYNAMIC INTERNATIONAL AIRWAYS, LLC, | ) ) | Case No. 17-10814 |
| | ) | |
| Debtor. | ) | **Related to Docket Nos. 16 and 99** |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
LIMITED OBJECTION TO THE DEBTOR'S EMERGENCY MOTION SEEKING
INTERIM AND FINAL ORDERS: (1) AUTHORIZING DEBTOR TO OBTAIN POST-
PETITION FINANCING, (2) GRANTING LIENS AND SUPERPRIORITY
ADMINISTRATIVE EXPENSE, AND (3) SETTING AND PRESCRIBING THE
FORM AND MANNER OF NOTICE FOR A FINAL HEARING**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its proposed undersigned counsel, hereby objects (the "Limited Objection") to the *Emergency Motion Seeking Interim and Final Orders: (1) Authorizing Debtor to Obtain Post-Petition Financing, (2) Granting Liens and Superpriority Administrative Expense, and (3) Setting and Prescribing the Form and Manner of Notice for a Final Hearing* [Docket No. 16] (the "DIP Motion")[1] and in support of the Limited Objection respectfully states as follows:

### PRELIMINARY STATEMENT

1.      The Committee informally raised concerns and objected to certain of the relief requested in the DIP Motion. Late in the night of August 14, 2017, the Committee resolved those issues through the agreed-to Proposed Second Interim DIP Order (defined below). A copy of the Proposed Second Interim DIP Order, marked to show the changes from the first interim order, is attached as **Exhibit A**.

---

[1]      Capitalized terms not otherwise defined herein shall have the same meaning as that ascribed to them in the DIP Motion.

2. The resolution was conditioned on the Committee's review of the new budget, which the Debtor completed and provided late on August 14, 2017. The Committee immediately raised questions as to whether the amount of funding would provide the Debtor with sufficient liquidity. As of the time of filing this Limited Objection, the Debtor and Committee have not resolved the Committee's concern – so the Committee is filing this pleading to reserve the right to address these concerns with the Court.

## LIMITED OBJECTION

3. Late in the evening on August 14, 2017, the Committee, the Debtor, and the Lender resolved most of the Committee's objection to the DIP Motion through a revised form of order (the "Proposed Second Interim DIP Order"), to be submitted to the Court at the August 15 hearing, granting the DIP Motion on an interim basis. The Proposed Second Interim DIP Order, marked against the *Interim Order (1) Authorizing Debtor to Obtain Post-Petition Financing, (2) Granting Administrative Expense, and (3) Setting and Prescribing the Form and Manner of Notice for a Further Hearing* [Docket No. 99] (the "First Interim Order"), is attached hereto as **Exhibit A**. Notably, the Proposed Second Interim DIP Order provides that (a) the DIP loan only entitles the Lender to an administrative claim (not a secured and superpriority facility as requested in the DIP Motion); (b) the Lender's administrative claim relating to the DIP loan shall not extend to customer deposits, avoidance actions, certain insurance proceeds, other potential litigation claims, or proceeds thereof; and (c) no aircraft lease payments will be made during the interim period.

4. However, final resolution of the Committee's objection to the DIP Motion remains subject to the Committee's review of the budget during the interim period. In the evening of August 14, 2017, the Debtor provided a proposed budget (the "Second Interim DIP Budget"), for the six-week period ending September 23, 2017 (the "Six-Week Period")

covered by the Proposed Second Interim DIP Order. The Committee is still reviewing the Second Interim DIP Budget, but has identified certain issues.

5. In the Original Budget, the Debtor projected $7,672,197 in expenses during the Six-Week Period. Now, however, in the Second Interim DIP Budget, the Debtor projects only $6,501,339 in expenses:

|  | Week 1 - w/e 8/19 | Week 2 - w/e 8/26 | Week 3 - w/e 9/2 | Week 4 - w/e 9/9 | Week 5 - w/e 9/16 | Week 6 - w/e 9/23 | Totals |
|---|---|---|---|---|---|---|---|
| **Expenses (Originally Projected)** | -$1,901,088 | -$1,134,474 | -$1,052,543 | -$1,238,364 | -$1,030,364 | -$1,315,364 | -$7,672,197 |
| **Expenses (Newly Projected)** | -$1,189,045 | -$1,519,268 | -$726,100 | -$1,187,966 | -$712,730 | -$1,166,230 | -$6,501,339 |
| **Variance** | $712,043 | -$384,794 | $326,443 | $50,398 | $317,634 | $149,134 | $1,170,858 |

Most of the expense reduction in the Second Interim DIP Budget, approximately $790,000, results from deferral of the alleged aircraft lease obligations during the Six-Week Period. Other expense reductions in the Second Interim DIP Budget, however, concern the Committee. Specifically, in the Original Budget, the Debtor projected approximately $324,000 in insurance expenses during the Six-Week Period. Now, the Debtor projects approximately $194,000. After receiving the Second Interim DIP Budget, the Committee requested that the Debtor specifically confirm that there is sufficient funding during the Six-Week Period to (a) bring all insurance obligations current and (b) honor all ongoing postpetition insurance obligations. In addition, there appear to be certain other reduced expenses.

6. The Committee intends to continue to work in good faith with the Debtor and other parties to resolve these issues prior to the August 15, 2017 hearing. Absent a resolution satisfactory to the Committee, the Committee reserves the right to address these issues with the Court.

**WHEREFORE,** for the reasons set forth above, the Committee objects to the relief sought in the DIP Motion, and respectfully requests that this Court: (i) limit and condition the relief sought by the Debtor in the DIP Motion consistent with this Limited Objection; and (ii) grant such other and further relief as the Court may deem just and proper.

666806.3 08/15/2017

Dated: August 15, 2017        **POYNER SPRUILL LLP**

By: /s/ Jill C. Walters
    Jill C. Walters
    301 Fayetteville Street, Suite 1900
    Raleigh, NC 27601
    Telephone (919) 783-2961
    Fax: (919) 783-1075
    jwalters@poynerspruill.com

    -and-

**SAUL EWING LLP**
Sharon L. Levine, admitted pro hac vice
Dipesh Patel, admitted pro hac vice
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1520
Newark, NJ  07102-5426
Telephone:  (973) 286-6713
Fax:  (973) 286-6821
slevine@saul.com
dpatel@saul.com

    -and-

Lucian B. Murley, admitted pro hac vice
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone:  (302) 421-6898
Fax:  (302) 421-5864
lmurley@saul.com

*Proposed Counsel to the Official Committee of Unsecured Creditors of Dynamic International Airways, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies under penalty of perjury that she is over eighteen (18) years of age and that a copy of the

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
LIMITED OBJECTION TO THE DEBTOR'S EMERGENCY MOTION SEEKING INTERIM AND FINAL ORDERS: (1) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING, (2) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE, AND (3) SETTING AND PRESCRIBING THE FORM AND MANNER OF NOTICE FOR A FINAL HEARING

was this day served upon the below-named persons, parties, and/or counsel by depositing a copy thereof in the United States Mail, First Class, postage prepaid, to the addresses shown below, or by CM/ECF:

| | |
|---|---|
| Dynamic International Airways, LLC (via U.S. Mail)<br>4310 Regency Drive<br>Suite 100<br>High Point, NC 27265 | Daniel C. Bruton (via CM/ECF)<br>Bell, Davis & Pitt, P.A.<br>P.O. Box 21029<br>Winston-Salem, NC 27120-1029 |
| Erick T. Gjerdingen (via CM/ECF)<br>Gerald M. Gordon<br>Teresa M. Pilatowicz<br>Garman Turner Gordon, LLP<br>650 White Drive, Suite 100<br>Las Vegas, NV 89199 | William P. Miller (via CM/ECF)<br>101 South Edgeworth Street<br>Greensboro, NC 27401 |
| Clint Shepperd Morse (via CM/ECF)<br>Brooks Pierce McLendon Humphrey, et al<br>230 N. Elm St.<br>Greensboro, NC 27401 | Holmes P. Harden (via CM/ECF)<br>Williams Mullen<br>P.O. Box 1000<br>Raleigh, NC 27602 |
| Christine L. Myatt (via CM/ECF)<br>Brian R. Anderson<br>Nexsen Pruet, LLC<br>P.O. Box 3463<br>Greensboro, NC 27402 | Scott A. Griffin (via CM/ECF)<br>Griffin Hamersky LLP<br>420 Lexington Ave., Suite 400<br>New York, NY 10170 |
| Amos U. Priester, IV (via CM/ECF)<br>Anna B. Osterhout<br>Smith Anderson Blount Dorsett, et al<br>150 Fayetteville Street<br>Suite 2300<br>Raleigh, NC 27601 | Stephen C. Stapleton (via CM/ECF)<br>Cowles & Thompson<br>901 Main Street, Suite 3900<br>Dallas, TX 75202 |

| | |
|---|---|
| Todd M. Goren (via CM/ECF)<br>Erica J. Richards<br>Morrison & Foerster LLP<br>250 West 55th Street<br>New York, NY 10019 | |

This the 15th day of August, 2017        POYNER SPRUILL LLP

By:    /s/  Jill C. Walters
       Jill C. Walters
       NC State Bar No. 37121
       Post Office Box 1801
       Raleigh, NC  27602
       Telephone: (919) 783-6400
       Facsimile: (919) 783-1075
       jwalters@poynerspruill.com

6

666806.3 08/15/2017