

SO ORDERED.

SIGNED this 23rd day of August, 2017.


_____
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DYNAMIC INTERNATIONAL | ) | Case No. 17-10814 |
| AIRWAYS, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**SECOND INTERIM ORDER (1) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING, (2) GRANTING ADMINISTRATIVE EXPENSE, AND (3) SETTING AND PRESCRIBING THE FORM AND MANNER OF NOTICE <u>FOR A FURTHER HEARING</u>**

The Court has considered and acted upon the certain Debtor's *Emergency Motion Seeking Interim and Final Orders: (1) Authorizing Debtor to Obtain Post-Petition Financing, (2) Granting Liens and Superpriority Administrative Expense, and (3) Setting and Prescribing the Form and Manner of Notice for a Final Hearing* [ECF No. 16] (the "<u>Motion</u>")[1] filed on July 19, 2017 by Dynamic International Airways, LLC ("Debtor") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case"). The Court entered the *Interim Order (1) Authorizing Debtor to Obtain Post-Petition Financing, (2) Granting Administrative Expense, and (3) Setting and Prescribing the Form and Manner of Notice for a Further Hearing* [ECF No. 99] (the "First Interim Order") on August 3,

---

[1] All of the capitalized terms used in this Second Interim Order will have the meanings ascribed to them in the Motion or the DIP Loan Agreement (as defined in the Motion), unless otherwise indicated.

2017. In the Motion, Debtor requested authorization to obtain financing from the Lender, to grant Lender superpriority administrative status pursuant to Section 364(c)(1) of the Bankruptcy Code, to grant the Lender a first-priority, senior lien and security interest in property of the Estate not otherwise subject to a lien pursuant to Section 364(c)(2), and to grant the Lender a junior lien in property of the Estate that is subject to a lien pursuant to Section 364(c)(3). Through the First Interim Order, the Court granted certain of the relief requested in the Motion on an interim basis, including granting the Lender solely administrative status pursuant to Section 364(b) for the Loan authorized and approved pursuant to the First Interim Order.

On August 3, 2017, the United States Bankruptcy Administrator appointed the official committee of unsecured creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [ECF No. 98].

Upon the hearing (the "Second Interim Hearing") held before this Court on August 15, 2017, due and sufficient notice of the Motion and the Second Interim Hearing having been provided by Debtor; and after considering all the pleadings filed with this Court, and upon the record made by Debtor at the Second Interim Hearing; and the Court having found and determined that, subject to the terms of this order (the "Second Interim Order"), limited relief sought in the Motion is in the best interests of Debtor, its estate, creditors, and all parties in interest; and after due deliberation and consideration and good and sufficient cause appearing therefor,

THE COURT FINDS AND CONCLUDES:

A.  <u>Bankruptcy Chapter 11 Case</u>. On the Petition Date, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to

Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor continues to operate its business and manage its properties, affairs and assets as a debtor-in-possession.

B. <u>Jurisdiction and Venue</u>. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. <u>Notice</u>. Notice of the Motion, the relief requested therein and the Second Interim Hearing was served by the Debtor on (i) the Bankruptcy Administrator for the Middle District of North Carolina; (ii) the holders of the twenty (20) largest unsecured claims against Debtor; (iii) all applicable government agencies; (iv) all applicable taxing authorities; and (v) any entity which filed and served on Debtor a request for special notice within a reasonable time prior to the hearing of this Motion. Under the circumstances, the proper, timely, adequate, and sufficient notice given by the Debtor of the Motion, the relief requested therein and the Second Interim Hearing was reasonable and appropriate under, and complies with, the requirements of due process, Bankruptcy Rule 4001(b), and the rules of this Court such that no other or further notice of the foregoing or of the entry of this Order is required, except as provided herein.

D. <u>The DIP Credit Facility</u>. Debtor and Lender engaged in negotiations with respect to the terms and conditions of the DIP Credit Facility. Except as specifically provided in this Order, the Court defers to the Further Hearing (defined below) as provided for below to determine whether the terms set forth in the DIP Loan Agreement, among Lender and the Debtor, are fair, reasonable, and in the best interests of Debtor, its estate, and creditors. Notwithstanding, a second interim loan of $2,355,369 plus an

increase of the second interim loan up to $160,000 (the "Second Interim Loan"), which $160,000 increase will be used for (a) the additional premium of $14,997.33 for foreign workers compensation insurance policy premium due no later than August 29, 2017, (b) unless otherwise waived in writing by the lessors of the aircraft, the amount required to bring the Debtor's aircraft hull and liability insurance current and effective during the Second Interim Period (defined below), and (3) an additional premium of up to $35,000 for domestic workers compensation insurance policy premium due during the Second Interim Period, with interest at the rate of 6% as an administrative expense under sections 364(b) and 503(b)(1) of the Bankruptcy Code only (the "Administrative Claim") but no senior or junior liens shall be created hereunder. Further, the Administrative Claim shall not be paid or otherwise satisfied by the Debtor's or the estate's claims or causes of action under chapter 5 of the Bankruptcy Code or any proceeds thereof, any insurance policies protecting officers and directors of the Debtor or the proceeds thereof, any claims or causes of action against any of the officers or directors of the Debtor, or any claims or causes of action against of the Lenders, Commercial Aircraft Services Holdings, LLC, NVLV Management, LLC, F. Paul Ohadi Trust, or any of their members, officers or directors, including , without limitation, Kenneth M. Woolley, and Paul Kraus, or any proceeds thereof.  Approval of the Second Interim Loan and granting the Administrative Claim  is fair, reasonable, and in the best interest of Debtor and its estate for the period from the Petition Date through the date of the Further Hearing (the "Second Interim Period").

    E.    <u>The Approved Budget</u>.  Attached hereto as **Exhibit "1"** is an approved budget (the "Budget") for the Second Interim Period. Debtor and Lender have agreed

upon the Budget and the expenses and funding shown on the Budget through the Further Hearing. The Budget includes and contains Debtor's best estimate of all operational receipts and allows for operational disbursements, fees, costs and other expenses that will be payable, incurred and/or accrued by Debtor during the Second Interim Period to be timely paid in the ordinary course of business pursuant to and in accordance with the Budget unless such operational disbursements, fees, costs and other expenses are not incurred or otherwise payable. Notwithstanding anything contained in the Budget, and in light of the consent of the various lessors of the Aircraft, the Debtor shall make no aircraft lease payments during the Second Interim Period, specifically, without limitation the "Aircraft Lease-America's" and "Aircraft Lease-Asia" line items under the Budget, and such payments will accrue without late fees, interest, or other costs above principal amounts of such payments during the Second Interim Period. All rights of the Committee regarding the Budget are fully reserved and preserved.

F. <u>The Debtor's Needs for the DIP Credit Facility</u>.

For purposes of this Second Interim Order, only, the Court makes the following findings on the Debtor's need for interim funding. Nothing contained in this Order shall bind the Court, the Committee, or any other party-in-interest with respect to any matters brought before the Court at a later time, including but not limited to, the relief requested in the Motion not granted under this Second Interim Order, the Motion to Convert, the Further Hearing on this Motion, or any other hearing on this Motion:

>  (a) Debtor does not have sufficient available sources of working capital and financing to carry on the management of its assets and

liabilities, in the form that the Debtor operated pre-petition, without the Second Interim Loan for the Second Interim Period.

(b)     Good cause has been shown for the entry of this Second Interim Order and for the immediate effectiveness of the oral ruling at the Second Interim Hearing granting the Motion to the extent provided herein. Specifically, entry of this Order allows the Debtor to continue operating as it did pre-petition, pending the Further Hearing on this Motion for the limited time called for in the Second Interim Period and pending the Court's ruling on the Further Hearing on this Motion. Debtor and its estate would suffer immediate and irreparable harm unless the Court authorizes the Debtor to obtain emergency funding from Lender up to the amount of the Second Interim Loan, pursuant to the Budget, as modified by this Second Interim Order, prior to the Further Hearing on the Motion to fund critical operating expenses of the Debtor;

(c)     Lender has indicated a willingness to provide Debtor with post-petition secured financing but solely on the terms and conditions set forth in this Second Interim Order.  No parties were willing to provide financing in the form of unsecured credit allowable under Section 364(a) of the Bankruptcy Code.

(d)     The terms and conditions of the Second Interim Loan are fair and reasonable, reflect Debtor's exercise of prudent business judgment consistent with its fiduciary duty and are supported by reasonably equivalent value and fair consideration.  The Second Interim Loan

provided by this Order permits the Debtor to secure the post-petition financing required for its operating expenses under the best terms available for the Second Interim Period.

(e)  Good cause has been shown and this Court concludes that the entry and implementation of this Order will, among other things, sustain the operation and value of the Debtor's bankruptcy estate.

**Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that:**

1.  <u>Motion Granted in Part</u>.  The Motion is hereby granted in part to allow for the Second Interim Loan for the Second Interim Period effective and enforceable with the entry of the oral ruling and order at the Second Interim Hearing. Approval of the terms of the DIP Loan Agreement, except as to any terms applicable to the Second Interim Loan as set forth herein, is deferred to the Further Hearing. The DIP Loan Agreement is of no force or effect.  For the avoidance of doubt, this Second Interim Order does not (a) approve or grant any liens or security interests to the Lender relating to the Second Interim Loan, (b) approve or grant liens or security interests in, or approve payment of the Administrative Claim from (i) the Debtor's or the Debtor's estate's claims or causes of action under chapter 5 of the Bankruptcy Code or proceeds thereof, (ii) any insurance policies protecting officers and directors of the Debtor, (iii) or any claims or causes of action against any of the officers or directors of the Debtor, or any of the Lenders, Commercial Aircraft Services Holdings, LLC, NVLV Management, LLC, F. Paul Ohadi Trust, or any of their members, officers or directors, including , without limitation, Kenneth M. Woolley, and Paul Kraus, or any proceeds thereof, or (iv) deposits, prepayments, or other cash held by any creditor, and all parties' rights regarding any such

relief requested in the Motion is deferred to the Further Hearing or some other hearing to be determined by the Court.  To the extent the terms of the DIP Loan Agreement or the First Interim Order differ in any material respect from the terms of this Second Interim Order, this Second Interim Order shall control.

2. <u>Notice</u>.  Notice of the Motion, and the transactions contemplated thereby, has been provided to all parties entitled thereto and such notice was appropriate under the circumstances, and no other or further notice of the Motion, and the transactions contemplated thereby, is or shall be required, except as otherwise provided by this Second Interim Order.

3. <u>DIP Credit Facility</u>. Debtor is authorized pursuant to this Second Interim Order to borrow and spend in accordance with the Budget, as modified through this Second Interim Order, the Second Interim Loan through the Further Hearing on the Motion as reflected in the Budget, as modified by this Second Interim Order.

4. <u>Funding of Second Interim Loan</u>.  The Lender is authorized and directed to fund one-half of the Second Interim Loan immediately, and in no event more than 48 hours after the entry of this Second Interim Order, with the balance of the Second Interim Loan within 14 days of the entry of this Second Interim Order.

5. <u>Approval and Binding Effect</u>.  With respect to the amounts advanced under the Budget, as modified by this Second Interim Order, such amounts are deemed to be reasonable and necessary and the Administrative Claim granted under this Second Interim Order to protect such funds advanced by Lender in accordance with the Budget, as modified by this Second Interim Order, and this Second Interim Order is final in all respects.

6.      Authorization of Financing.  Subject to the terms and conditions of this Second Interim Order, the Debtor is authorized and/or ratified to perform all obligations under this Second Interim Order and the Budget, as modified by this Second Interim Order.  Funds advanced under this Second Interim Order shall be used for payment of the operating expenses of the Debtor, in such amounts set forth at applicable line items.  Lender shall not have any obligation or responsibility to monitor Debtor's use of proceeds of the Second Interim Loan and may, but is not required to, rely on the Debtor's representations that the amount of any advances requested by Debtor, and the use thereof, are in accordance with the requirements of this Second Interim Order.

7.      Interim Nature.  If a Final Order is not entered for any reason, this Second Interim Order will remain in full force and effect and, or the rights of the Lender under this Second Interim Order, and all such rights and remedies of the Lender this Second Interim Order shall remain in full force and effect and (i) the Administrative Claim granted to and conferred upon Lender shall continue in full force and effect and shall maintain the priority as provided in this Second Interim Order until the Second Interim Loan shall have been paid and satisfied in full and shall remain binding on Debtor, its estate, any Chapter 7 or 11 Trustee appointed in the Chapter 11 Case, and all interested parties; and (ii) this Court shall retain jurisdiction, notwithstanding the failure to approve the final order, for the purpose of enforcing this Second Interim Order and the Administrative Claim.

8.      Evidence of Liability.  This Second Interim Order shall be sufficient and conclusive evidence of the liability of Debtor respecting advances made in accordance with this Second Interim Order and shall be sufficient and conclusive evidence of the

validity and enforceability of the Second Interim Loan without any further action of Debtor or any other party.

9. <u>Compliance with Approved Budget</u>.  Debtor is strictly prohibited from using funds advanced except in accordance with this Second Interim Order and the Budget, as modified by this Second Interim Order.  Debtor shall be permitted to use the funds advanced under the Second Interim Loan solely to pay the expenses and costs set forth in the Budget, as modified by this Second Interim Order, in an amount not to exceed those amounts set forth in the Budget, as modified by this Second Interim Order.

10. <u>Binding Effect</u>.  The provisions of this Second Interim Order shall be binding upon and inure to the benefit of Debtor, any official committee or estate representative appointed in the Chapter 11 Case, and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereafter appointed or elected for the estate of Debtor, an examiner appointed pursuant to section 1104 of the Bankruptcy Code or any other fiduciary appointed as a legal representative of Debtor or with respect to the property of the estate of any of Debtor.  To the extent permitted by applicable law, this Second Interim Order, and the Court's conclusion that the Second Interim Loan is allowed through the Administrative Claim, shall bind any trustee hereafter appointed for the estate of Debtor, whether in the Chapter 11 Case or in the event of the conversion of the Chapter 11 Case to a liquidation under chapter 7 of the Bankruptcy Code.  Such binding effect is an integral part of this Second Interim Order.

11. <u>Preservation of Rights</u>.  If the Chapter 11 Case is dismissed or converted, then neither the entry of this Second Interim Order nor the dismissal or conversion of the Chapter 11 Case shall affect the rights of the Lender under this Second Interim Order,

and all such rights and remedies of the above-referenced parties shall remain in full force and effect as if the Chapter 11 Case had not been dismissed or converted.  If an order dismissing the Chapter 11 Case is at any time entered, such order shall provide (in accordance with Sections 105 and 349 of the Bankruptcy Code) that the Second Interim Loan shall continue in full force as an administrative loan binding on Debtor, the estate of Debtor, any Chapter 7 or 11 Trustee appointed in the Chapter 11 Case, and all interested parties; and (ii) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purpose of enforcing this Second Interim Order and the Administrative Claim.

12. <u>Extension of Bankruptcy Code Section 1110 Period</u>.  To the extent the 60-day period set forth in Section 1110(a) (such period, the "<u>Section 1101 Period</u>") applies such that Aircraft Lessors being affiliates of the Lender have a right to any relief including, without limitation, to take possession of to any property subject to Section 1110(a) (the "<u>Aircraft Equipment</u>"), the Section 1101 Period is hereby extended for such property to the date that is 10 days after the Further Hearing (the "<u>Extended Section 1110 Period</u>"), provided, however, that in the event that the Debtor ceases operations or determines that it no longer requires the use of an aircraft, the Aircraft Lessors retain the right to immediately seek, upon notice and hearing, relief as provided for under Section 1110(a).  Notwithstanding anything in the Bankruptcy Code to the contrary, including the provision of Sections 363(e) and 365(d)(5) (to the extent applicable), the Debtor shall accrue the principle amounts due to the Aircraft Lessors, but shall not be obligated to make, and the Aircraft Lessors shall not seek, any payments with respect to any Aircraft Equipment during the Extended Section 1110 Period.  This Second Interim Order shall

not be deemed to constitute an agreement by the Debtor under Section 1110(a), and nothing contained herein shall be construed as such an election or agreement.  This Second Interim Order does not constitute an assumption by the Debtors of any lease, executory contract, or other agreement relating to the Aircraft Equipment under any section of the Bankruptcy Code, and nothing contained herein shall be construed to constitute such an assumption.  The parties have agreed to extend this period, and the Court hereby approves the extension under section 1110(b).

13. <u>Immediate Effect; Protection of Order</u>. The provisions of this Second Interim Order shall be effective immediately.

14. <u>Further Hearing</u>.  The Court shall hold a further hearing on the DIP Financing on September 18, 2017, at 2:00 p.m. (the "<u>Further Hearing</u>") at the United States Bankruptcy Court for the Middle District of North Carolina, Courtroom 2, Second Floor, 101 S. Edgeworth St., Greensboro, NC 2740.

15. <u>Further Notice</u>.  The Debtor shall serve copies of this Second Interim Order on the Bankruptcy Administrator, the Committee, and all parties that have filed a notice of appearance in this case.

END OF DOCUMENT

# Exhibit 1

Exhibit 1

DIA Cash Sheet

| | w/e 8/19/17 | w/e 8/26/17 | w/e 9/2/17 | w/e 9/9/17 | w/e 9/16/17 | w/e 9/23/17 | Total 6 wks end 9/23/17 |
|---|---|---|---|---|---|---|---|
| **Operating Revenue** | | | | | | | |
| Ticket Sales | 650,000 | 650,000 | 650,000 | 650,000 | 650,000 | 650,000 | 3,900,000 |
| Charter Sales | | | - | - | - | - | - |
| Ancillary Sales | 41,000 | 41,000 | 41,000 | 41,000 | 41,000 | 41,000 | 246,000 |
| **Total Collections** | **691,000** | **691,000** | **691,000** | **691,000** | **691,000** | **691,000** | **4,146,000** |
| | | | | | | | - |
| **Expenses** | | | | | | | - |
| | | | | | | | - |
| Fuel-America's | 281,500 | 240,500 | 240,500 | 240,500 | 240,500 | 240,500 | 1,484,000 |
| Fuel-Asia | 280,271 | 201,766 | - | - | - | - | 482,037 |
| Payroll | | 480,000 | | 420,000 | | 350,000 | 1,250,000 |
| Benefits | 24,000 | | 4,000 | | | 46,000 | 74,000 |
| Contractors | 7,500 | 75,000 | 21,000 | 63,000 | 7,000 | 63,000 | 236,500 |
| Terminal One-JFK | 48,000 | 80,000 | 36,000 | 65,000 | 65,000 | 60,000 | 354,000 |
| Station Expenes-Other | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 48,000 |
| Maintance JFK | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 60,000 |
| Airport Fees-JFK | 22,200 | 19,800 | 19,800 | 19,800 | 19,800 | 19,800 | 121,200 |
| Airport Fees Asia | 2,756 | 1,378 | | | | | 4,134 |
| Airport Fees-GYE | 10,000 | 6,700 | 6,700 | 6,700 | 6,700 | 6,700 | 43,500 |
| GYE Passenger taxes | 19,333 | 19,333 | 19,333 | 19,333 | 19,333 | 19,333 | 115,998 |
| Ground Handling-JFK | 18,000 | 18,000 | 18,000 | 18,000 | 18,000 | 18,000 | 108,000 |
| Catering-JFK & Asia | 48,000 | 28,000 | 28,000 | 28,000 | 28,000 | 28,000 | 188,000 |
| Security-JFK | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 60,000 |
| Ground Handling Asia | 34,800 | 8,400 | | | | | 43,200 |
| Maintenance (excludes C Checks) | 48,000 | 48,000 | 48,000 | 48,000 | 48,000 | 48,000 | 288,000 |
| Maintenance C Checks | | | | | | | - |
| Aircraft Lease-America's | | | | | | | |
| Aircraft Lease-Asia | | | | - | - | - | - |
| Hotel & Travel | 76,985 | 70,685 | 53,067 | 37,957 | 33,191 | 33,191 | 305,076 |
| Expenses paid direct from Asia (potential prior liability. Asian obligation needs further clarification) | - | - | - | - | - | - | - |
| Ground Handling Asia | | | | | | | - |
| Training | | | | | | 12,000 | 12,000 |
| Insurance | 56,000 | 24,006 | 32,000 | 24,006 | 32,006 | 24,006 | 192,024 |
| Sales & Marketing | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 39,000 |
| Dues & Subscriptions | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 7,200 |
| Proffessional Fees | | | | | | | - |
| Admin (includes IT) | 12,000 | 12,000 | 17,000 | 12,000 | 12,000 | 12,000 | 77,000 |
| Reservation Systems | 34,000 | 20,000 | 24,000 | 20,000 | 24,000 | 20,000 | 142,000 |
| Rent | 5,000 | 5,000 | | 5,000 | | 5,000 | 20,000 |
| Utilities/Phones | 8,000 | 8,000 | 6000 | 8,000 | 6,500 | 8,000 | 44,500 |
| Taxes/Fees | 117,000 | 117,000 | 117,000 | 117,000 | 117,000 | 117,000 | 702,000 |
| | | | | | | | |
| **Subtotal Current Expenses** | **1,189,045** | **1,519,268** | **726,100** | **1,187,996** | **712,730** | **1,166,230** | **6,501,369** |
| | | | | | | | - |
| | | | | | | | - |
| **Collections in Excess of (Less than) Operating Disbursements** | (498,045) | (828,268) | (35,100) | (496,996) | (21,730) | (475,230) | (2,355,369) |
| | | | | | | | |
| Administrative Expenses | | | | | | | - |
| | | | | | | | - |
| | | | | | | | - |
| | | | | | | | - |
| | | | | | | | - |
| Total Administrative Expenses | - | - | - | - | - | - | - |
| | | | | | | | |
| **Net Funding Required** | (498,045) | (828,268) | (35,100) | (496,996) | (21,730) | (475,230) | (2,355,369) |