UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DYNAMIC INTERNATIONAL AIRWAYS, LLC | ) | Case No. 17-10814 Chapter 11 |
| | ) | |
| Debtor. | ) | |

**REORGANIZED DEBTOR'S FINAL REPORT**

Dynamic International Airways, LLC ("Debtor," or "Reorganized Debtor"), reorganized debtor in the above-captioned case (the "Chapter 11 Case"), by and through its counsel, the law firms of Garman Turner Gordon LLP and Bell, Davis & Pitt, PA, hereby submits its final report (the "Report"). The Motion is made and based upon the memorandum of points and authorities set forth herein, the *Declaration of Ray Lawlor in Support of Motion for Order Entering a Final Decree* (the "Lawlor Decl.") attached hereto as **Exhibit "A,"** the papers and pleadings contained in the Court's file, judicial notice of which is respectfully requested.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**PERTINENT FACTS**

1. On July 19, 2017 (the "Petition Date"), Debtor filed its voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). See ECF No. 1.

2. On February 21, 2018, this Court entered its order confirming the *Debtor's Modified Third Amended Plan of Reorganization* (the "Plan"). See ECF No. 543.

3. As of March 8, 2018, (the "Effective Date"), the Plan became effective and was substantially consummated. See ECF No. 590 ("Notice of Effective Date").

4. The Notice of Effective Date detailed that all events necessary to trigger the Effective Date had occurred, including the commencement of requisite distributions and

completion of requisite transfers, and specifically including the distribution of the Class 5 Distribution Amount to the Disbursing Agent for Deposit into the Disbursing Agent Account. See id.

5. All deadlines to file proofs of claim have passed. The deadline to object to claims expired on August 7, 2018. See ECF No. 696.

6. All outstanding claim objections have been adjudicated. see ECF Nos. 712-714. The sole adversary proceeding filed in this case has also been adjudicated and such adversary proceeding has been closed. See docket for Adv. No. 18-02011.

7. Accordingly, as of the filing of this Report, Reorganized Debtor has completed all distributions required of it and has otherwise fully complied with the terms of its Plan. There are no pending contested matters or adversary proceedings. All fees due to the Office of the United States by Reorganized Debtor will have been paid by the time of the filing of this Report. Therefore, the administration of the estate is complete. See Lawlor Decl. ¶ 3.

8. Professional fees approved by the Court and paid by the bankruptcy estate in this case are as follows:

| Name | Approved Fees & Expenses | Amounts Paid | Amounts Remaining Due |
|---|---|---|---|
| Bell Davis & Pitt, PA. (counsel for Debtor). | $158,846.03 | $158,846.03 | $0.00 |
| Garman Turner Gordon (counsel for Debtor) | $613,344.01 | $613,344.01 | $0.00 |
| Jackson Lewis, PC (special employment counsel for Debtor) | $10,257.00 | $10,257.00 | $0.00 |
| Ferrere Abogados Ecuador Ferec S.A. (Ecuadorian counsel for Debtor) | $104,741.99 | $104,741.99 | $0.00 |
| MJAC, LLC (financial advisor to the Debtor) | $226,451.08 | $226,451.08 | $0.00 |

| | | | |
|---|---|---|---|
| Shardul Amarchand Mangalas & Co. (special arbitration counsel for Debtor) | $24,072.35 | $24,072.35 | $0.00 |
| Grigorian & Associates, Inc. (accountants for Debtor) | $192,856.60 | $192,856.60 | $0.00 |
| Kirstein & Young, PLLC (special aviation counsel for Debtor) | $307,768.25 | $307,768.25 | $0.00 |
| AlixPartners, LLP (financial advisor for Committee) | $217,292.88 | $217,292.88 | $0.00 |
| Saul Ewing Arnstein & Lehr LLP (counsel for Committee) | $350,049.00 | $350,049.00 | $0.00 |
| Poyner Spruill, LLP (local counsel for Committee) | $47,066.41 | $47,066.41 | $0.00 |

See Lawlor Decl. ¶ 4.

9. Pursuant to the terms of the Plan, distributions to Holders of Class 5 Allowed General Unsecured Claims (as defined in the Plan) are to be paid via distributions by the Disbursing Agent. Pursuant to the Plan, the Reorganized Debtor has provided the Disbursing Agent a record of the names and addresses of all Holders of Allowed Claims as of the Effective Date. The Disbursing Agent advises the Reorganized Debtor that the Disbursing Agent has made an initial distribution to Holders of Class 5 Allowed General Unsecured Claims, based on the records provided by the Reorganized Debtor. To the extent that any distributions are returned as undeliverable, or the Disbursing Agent requires other information regarding the names and addresses of Allowed Claims, the Reorganized Debtor has committed to providing such information requested by the Disbursing Agent, even if requested after the Chapter 11 Case is closed. The percent dividend to be paid to unsecured creditors is unknown at this time. It is anticipated that such distribution will likely be approximately 5%. See id. ¶ 5.

10. Classes of creditors under the Plan and payments to such classes are as follows:

*A.* ***Unclassified Claims.***

1. Administrative Claims.

Section 2.2 of the Plan provides as follows:

> Each Allowed Administrative Claim shall be paid by Reorganized Debtor or the Disbursing Agent, as applicable, upon the latest of: (i) the Effective Date or as soon thereafter as is practicable; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable, (iii) the fourteenth (14th) Business Day after such Claim is Allowed, or as soon thereafter as practicable; and (iv) such date as the Holder of such Claim and Reorganized Debtor shall agree upon. With respect to payment of the Allowed Professional Fees of the Creditor Committee, (i) the Debtor shall pay the fees approved prior to the Effective Date, and (ii) the Disbursing Agent shall pay the fees approved after the Effective Date.

The final fee applications of the professionals outlined in paragraph 8, above, have been approved and such allowed fees and expenses have been paid in full.

2. Priority Tax Claims.

Section 2.3 of the Plan provides as follows:

> Each Allowed Priority Tax Claim shall be paid in full in Cash by the Reorganized Debtor in equal monthly installments beginning the latest of: (i) the Effective Date or as soon thereafter as is practicable; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable, (iii) the fourteenth (14th) Business Day after such Priority Tax Claim is Allowed, or as soon thereafter as practicable; and (iv) such date as the Holder of such Priority Tax Claim and Reorganized Debtor shall agree upon and on the same day of each successive month for a period ending not later than five (5) years after the Petition Date. Until the Allowed Priority Tax Claim is paid in full, the unpaid balance shall accrue statutory interest from the Effective Date taxed at the applicable federal or state statutory rate in effect with respect to such Priority Tax Claim on the Petition Date.

The Reorganized Debtor has tendered payments in accordance with Plan terms. Reorganized Debtor has made seven total payments to the IRS in the total amount of $1,151,000.37, with $6,658,105.10 in principal remaining on the original Priority Tax Claim of $7,630,765.70. Reorganized Debtor objected to the claim of

the New York City Department of Finance for $33,211.60 asserted in Proof of Claim 106 for potential objections, and such claim objection was sustained. Regarding the claims of the North Carolina Department of Commerce for $28,591.83 asserted in Proof of Claim 44 and the North Carolina Department of Revenue for $64,901.43 asserted in Proof of Claim 39, such claims have been paid in full. The Reorganized Debtor objected to the purported claim of the Guyana Revenue Authority (the "GRA" and the "GRA Claim"), and such claim was disallowed in full per Order of this Court. See id. ¶ 6.

***B. Classified Claims.***

4. Class 4 – Convenience Claims.

Section 4.4 of the Plan provides as follows:

> Except to the extent that a Holder of an Allowed Convenience Claim agrees to less favorable treatment, each Holder of an Allowed Convenience Claim shall, in full and final satisfaction of such Allowed Convenience Claim be paid in 6 equal monthly installments commencing on the Initial Distribution Date, the lesser of (i) the Allowed amount of such Claim, or (ii) Two Thousand (2,000.00) Dollars.

Payments to Holders of Allowed Convenience Claims have been completed. See Lawlor Decl. ¶ 7.

## II.
## LEGAL ANALYSIS

Bankruptcy Rule 3022 provides that:

> [a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.

Further, advisory committee notes to Bankruptcy Rule 3022 provide:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should

> consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

See id.

As detailed above, the Plan was confirmed on February 21, 2018. On March 8, 2018, the Notice of Effective date was filed, detailing that the Plan had become effective and was substantially consummated. Subsequently, all contested matters and adversary proceedings and the treatment of all claims have been resolved. Finally, all fees due to the Office of the United States Bankruptcy Administrator by Reorganized Debtor have been paid or will be paid contemporaneously with the filing of this Report. Therefore, it is necessary and appropriate to enter a final decree closing the Chapter 11 Case.

## III.
## CONCLUSION

WHEREFORE, Reorganized Debtor respectfully requests that this Court approve this Final Report and that the Court enter a final decree, thereby closing the Chapter 11 Case. Reorganized Debtor additionally requests such other and further relief as the Court deems just and proper.

Dated this the 5th day of October, 2018.

BELL, DAVIS & PITT, PA

By: ______________________________
BELL, DAVIS & PITT, PA
WALTER PITT, ESQ.
NC Bar No. 3467
DANIEL C. BRUTON, ESQ.
NC Bar No. 22440
PO Box 21029
Winston-Salem, NC 27120-1029
Telephone 336-714-4110

*-and-*

GARMAN TURNER GORDON LLP
GERALD M. GORDON, ESQ.
NV Bar No. 229 (admitted *pro hac*)
TERESA M. PILATOWICZ, ESQ.
NV Bar No. 9605 (admitted *pro hac*)
ERICK T. GJERDINGEN, ESQ.
NV Bar No. 11972 (admitted *pro hac*)
650 White Drive, Ste. 100
Las Vegas, Nevada 89119
Telephone 725-777-3000

*Attorneys for Reorganized Debtor*

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DYNAMIC INTERNATIONAL AIRWAYS, LLC | ) | Case No. 17-10814 |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DECLARATION OF RAY LAWLOR IN SUPPORT OF REORGANIZED DEBTOR'S FINAL REPORT**

I, Ray Lawlor, hereby declare as follows:

1. I am over the age of 18 and am mentally competent and I make this declaration in support of the *Reorganized Debtor's Final Report* (the "Final Report")[1] filed herewith.

2. I am the Chief Executive Officer of the Reorganized Debtor. In my capacity CEO, I am familiar with Reorganized Debtor's daily business, operations, and financial affairs. Except as otherwise indicated, all of the facts set forth in this Declaration are based upon my personal knowledge of Reorganized Debtor's operations and finances, information learned from my review of relevant documents, and information supplied to me by other members of Reorganized Debtor's management and Reorganized Debtor's business and legal advisors. If called upon to testify as to the content of this Declaration, I could and would do so.

3. As of the filing of the Final Report, Reorganized Debtor has completed distributions required of it and has otherwise fully complied with the terms of its Plan.

[1] All capitalized, undefined terms herein have the meanings ascribed to them in the Motion.

EXHIBIT
tabbies
A

There are no pending contested matters or adversary proceedings. All fees due to the Office of the United States by Reorganized Debtor will have been paid by the time of the hearing on this Motion. All quarterly reports and quarterly reports have been paid.

4. Professional fees approved by the Court and paid by the bankruptcy estate in this case are as follows:

| Name | Approved Fees & Expenses | Amounts Paid | Amounts Remaining Due |
|---|---|---|---|
| Bell Davis & Pitt, PA. (counsel for Debtor). | $158,846.03 | $158,846.03 | $0.00 |
| Garman Turner Gordon (counsel for Debtor) | $613,344.01 | $613,344.01 | $0.00 |
| Jackson Lewis, PC (special employment counsel for Debtor) | $10,257.00 | $10,257.00 | $0.00 |
| Ferrere Abogados Ecuador Ferec S.A. (Ecuadorian counsel for Debtor) | $104,741.99 | $104,741.99 | $0.00 |
| MJAC, LLC (financial advisor to the Debtor) | $226,451.08 | $226,451.08 | $0.00 |
| Shardul Amarchand Mangalas & Co. (special arbitration counsel for Debtor) | $24,072.35 | $24,072.35 | $0.00 |
| Grigorian & Associates, Inc. (accountants for Debtor) | $192,856.60 | $192,856.60 | $0.00 |
| Kirstein & Young, PLLC (special aviation counsel for Debtor) | $307,768.25 | $307,768.25 | $0.00 |
| AlixPartners, LLP (financial advisor for Committee) | $217,292.88 | $217,292.88 | $0.00 |
| Saul Ewing Arnstein & Lehr LLP (counsel for Committee) | $350,049.00 | $350,049.00 | $0.00 |
| Poyner Spruill, LLP (local counsel for Committee) | $47,066.41 | $47,066.41 | $0.00 |

5. Pursuant to the terms of the Plan, distributions to Holders of Class 5 Allowed General Unsecured Claims (as defined in the Plan) are to be paid via distributions by the Disbursing Agent. Pursuant to the Plan, the Reorganized Debtor has provided the

Disbursing Agent a record of the names and addresses of all Holders of Allowed Claims as of the Effective Date. The Disbursing Agent advises the Reorganized Debtor that the Disbursing Agent has made an initial distribution to Holders of Class 5 Allowed General Unsecured Claims, based on the records provided by the Reorganized Debtor. To the extent that any distributions are returned as undeliverable, or the Disbursing Agent requires other information regarding the names and addresses of Allowed Claims, the Reorganized Debtor has committed to providing such information requested by the Disbursing Agent, even if requested after the Chapter 11 Case is closed. The percent dividend to be paid to unsecured creditors is unknown at this time. It is anticipated that such distribution will likely be approximately 5%.

6. The Reorganized Debtor has tendered payments in accordance with Plan terms. Reorganized Debtor has made seven total payments to the IRS in the total amount of $1,151,000.37, with $6,658,105.10 in principal remaining on the original Priority Tax Claim of $7,630,765.70. Reorganized Debtor objected to the claim of the New York City Department of Finance for $33,211.60 asserted in Proof of Claim 106 for potential objections, and such claim objection was sustained. Regarding the claims of the North Carolina Department of Commerce for $28,591.83 asserted in Proof of Claim 44 and the North Carolina Department of Revenue for $64,901.43 asserted in Proof of Claim 39, such claims have been paid in full. The Reorganized Debtor objected to the purported claim of the Guyana Revenue Authority (the "GRA" and the "GRA Claim"), and such claim was disallowed in full per Order of this Court.

7. Payments to Holders of Allowed Convenience Claims have been completed.

. . .

. . .

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 27th day of September, 2018.

RAY LAWLOR

## CERTIFICATE OF SERVICE

I, Daniel C. Bruton of Bell, Davis, & Pitt, P.A., certify:

That I am, and at all times hereinafter mentioned, was, more than eighteen (18) years of age;

That the undersigned has this date served the foregoing **REORGANIZED DEBTOR'S FINAL REPORT** upon all other parties to this cause via this Court's ECF electronic filing system or by depositing a copy hereof in a first class postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Post Office Department, properly addressed to the parties and/or attorney(s) for said parties.

This the 5th day of October, 2018.

/s/ Daniel C. Bruton

**Via ECF**

William P. Miller
U.S. Bankruptcy Administrator
101 South Edgeworth Street
Greensboro, NC 27401

Andrea Horowitz Handel
US Dept. of Justice
Civil Division
PO Box 875
Ben Franklin Station
Washington, DC 20044

Scott Griffin
Griffin Hamersky LLP
420 Lexington Avenue, Suite 400
New York, NY 10170

William E. Burton III
Smith Moore Leatherwood LLP
300 N. Greene Street, Suite 1400
Greensboro, NC 27401

Rich H. Silerberg
Dorsey & Whitney, LLP
51 West 52nd Street
New York, NY 10019

Holmes P. Harden
Williams Mullen
PO Box 1000
Raleigh, NC 27602

Clint S. Morse
Brooks Pierce McLendon Humphrey & Leonard, LLP
PO Box 26000
Greensboro, NC 27420

Stephen C. Stapleton
Cowles & Thompson, PC
901 Main Street, Suite 3900
Dallas, TX 75202

D. Erik Albright
Smith Moore Leatherwood LLP
300 N. Greene Street, Suite 1400
Greensboro, NC 27401

Jennifer P. Himes
Tuggle Duggins PA
PO Box 2888
Greensboro, NC 27402

Todd M. Goren
Morrison & Foerster, LLP
250 West 55th Street
New York, NY 10019-9601

Amos U. Priester, IV
Anna Osterhout
Smith Anderson Blount Dorsett, Mitchell & Jernigan, LLP
PO Box 2611
Raleigh, NC 27602-2611

Charles A. Stanziale, Jr.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

Sharon L. Levine
Saul Ewing LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07012-5426

Jill C. Walters
Poyner Spruill LLP
301 Fayetteville Street, Suite 1900
Raleigh, NC 27601

John Northen
Northen Blue
PO Box 2208
Chapel Hill, NC 27517

Daniel M. Eliades
Joseph M. Cerra
LeClairRyan, PC
One Riverfront Plaza
1037 Raymond Blvd., 16th Floor
Newark, NJ 07102

Todd Allen Jones
Anderson Jones, PLLC
PO Box 20248
Raleigh, NC 27619

Ashley Rusher
Blanco Tackabery & Matamoros, PA
PO Drawer 25008
Winston-Salem, NC 27114-5008

Terri Gardner
Nelson Mullins Riley & Scarborough LLP
4140 Parklake Avenue
GlenLake One, Suite 200
Raleigh, NC 27612

Joshua Bennett
Erik Harvey
Bennett & Guthrie, PLLC
1560 Westbrook Plaza Dr.
Winston-Salem, NC 27103

Joseph M. Cerra, Esq.
LeClair Ryan, PC
1037 Raymond Blvd., 16th Floor
Newark, NC 07102

Byron Saintsing
Smith Debnam Narron Drake Saintsing & Myers LLP
PO Box 26268
Raleigh, NC 27611

Eric Lopez Schnabel
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019

Felton E. Parrish
Hull & Chandler, PA
1001 Morehead Square Drive, Suite 450
Charlotte, NC 28203

Alessandra Glorioso
Dorsey & Whitney LLP
300 Delaware Avenue, Suite 1010
Wilmington, DE 19801

Lisa P. Sumner
Nexsen Pruet, PLLC
4141 Parklake Ave., Suite 200
Raleigh, NC 27612